File Name: 08a0381n.06
Filed: June 26, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-5557

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

LINDA GAIL REED,

    Plaintiff-Appellant,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,

    Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

_____/

Before:      KENNEDY and MARTIN, Circuit Judges, and HOOD, District Judge.[*]

      BOYCE F. MARTIN, JR., Circuit Judge.  Linda Gail Reed sued the Metropolitan Government of Nashville and Davidson County, alleging discrimination based upon her age, gender, and perceived disability, and alleging that she was fired for speaking out against discrimination. Because Reed failed to make a prima facie case for her age, gender, disability, and discrimination claims, and because she failed to allege facts sufficient to support a hostile work environment claim, we AFFIRM the district court's dismissal of her case.

I

---

[*] The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Sergeant Linda Gail Reed began working with the Nashville Police Department in 1982 as a police officer. Beginning in 2002, Lieutenant Duane Phillips was employed as Reed's immediate supervisor in the police department's central records division. Reed alleges that Phillips made remarks to Reed about being old, and forwarded an email about aging to some of his colleagues that was later shown to Reed. Reed also claims that during this time period she was subjected to gender discrimination and a hostile work environment, including an inappropriate remark at an office costume party and a number of other unsavory mass emails.

Around this same time, in 2003 and early 2004, Phillips referred Reed to the Police Advocacy Support Services ("PASS") program after Reed began exhibiting increasingly paranoid behavior. This behavior included secretly tape recording conversations with colleagues in the police department. Reed was ultimately referred for an independent psychological evaluation to Dr. Rosemary Jeffries, a psychologist with the Nashville Area Behavioral Consultants. Jeffries interviewed Reed, evaluated information regarding Reed's work behavior (some of which came from Phillips and other co-workers), and administered eight different psychological tests. Jeffries concluded that Reed was not capable of handling the daily routine of supervising others, but that with psychological treatment, she could return to her normal work duties. Based on this recommendation, Reed was temporarily decommissioned from duty on July 20, 2004. After some months of treatment, Reed was reinstated and recommissioned on January 11, 2005.

Reed claims that she was subjected to discrimination and harassment by Phillips and the department based on her age, gender, and perceived disability, and that she was retaliated against for

complaining about Phillips' behavior. The district court granted summary judgment on each of these claims, and Reed now appeals.

II

We review *de novo* a district court's grant of summary judgment. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, we construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Age Discrimination in Employment Act (ADEA)

Reed's first claim is that the department discriminated against her on the basis of her age by temporarily decommissioning her. Under the Age Discrimination in Employment Act, an employer is prohibited from discharging employees on the basis of their age. 29 U.S.C. § 623(a). To establish a prima facie case of age discrimination, a plaintiff must show that (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the position she held; and (4) she was replaced by, or her discharge permitted the retention of, a person who does not belong to the protected class. *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1115 (6th Cir. 2001).

Because Reed fails to allege that she was replaced by a younger officer, her prima facie case fails. Therefore the district court correctly dismissed her age discrimination claims.[1]

Gender Discrimination and Hostile Work Environment

Reed also alleges that the department violated Title VII of the Civil Rights Act by (1) discriminating against her based on sex, *see Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004), and (2) creating a hostile or abusive work environment, *see Williams v. General Motors Corp.*, 187 F.3d 553 (6th Cir. 1999). If a plaintiff establishes a prima facie case of gender discrimination, the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for its actions. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *Humenny*, 390 F.3d at 906. If the defendant provides a legitimate, non-discriminatory reason, the plaintiff must then produce evidence that the defendant's proffered reason is a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973); *Humenny*, 390 F.3d at 906.

Even assuming that Reed can establish a prima facie case, the department is able to articulate a legitimate, nondiscriminatory reason for Reed's decommissioning, namely her negative fitness-for-duty evaluation. Reed's temporary decommissioning was based upon an independent evaluation of Reed's fitness for duty, conducted by Dr. Jeffries, who is not an employee of the department. Reed provided the deposition testimony of Dr. Ruder to prove that Jeffries' conclusion that Reed was unfit for duty was in error. A disputed psychological report, however, does not prove that the police

---

[1] Even if Reed could establish a prima facie case, her claim would fail because of her negative fitness-for-duty evaluation, explained below.

departments' actions in relying on the report were pretext. Without an allegation that the police department knew that the report was false, we cannot conclude that it was improper for the police department to rely on it. For these reasons, we find that Reed has not carried her burden of establishing a gender discrimination claim.

A violation of Title VII is also established if "discrimination based on sex has created a hostile or abusive work environment." *Williams*, 187 F.3d at 560. To establish a prima facie case of a hostile work environment based upon coworker harassment, Reed must establish that (1) the sexual harassment was unwelcome, (2) the harassment was based on sex, (3) the harassing behavior was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment, and (4) the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action. *Knox v. Neaton Auto Prods. Mfg.*, 375 F.3d 451, 459 (6th Cir. 2004).

To determine whether a work environment is "hostile" or "abusive," we look at the totality of the circumstances. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *see also Williams*, 187 F.3d at 562. A plaintiff must establish both that the harassing behavior was "severe or pervasive" enough to create an environment that a reasonable person would find objectively hostile or abusive, and that he or she subjectively regarded the environment as abusive. *Id.*

We find that Reed's evidence does not establish a hostile work environment claim. The costume party comment and the e-mails, while inappropriate and unprofessional, were not sufficiently severe or pervasive to create a hostile or abusive work environment. *Cf. Harris*, 510 U.S. at 19 (hostile work environment claim sustained where supervisor made derogatory remarks

about women's intelligence, made female employees reach into his front pants pockets, and threw things on the ground and asked female employees to pick them up); *Williams*, 187 F.3d at 559 (hostile work environment claim sustained where co-workers called plaintiff a "slut," made overt sexual references to her, touched her inappropriately, and played practical jokes on her). Finally, there is no evidence that the comments and emails unreasonably interfered with Reed's work performance. For these reasons, we find that the district court correctly dismissed Reed's Title VII claims.

Americans with Disabilities Act (ADA)

Reed also claims that she was decommissioned based on a perceived mental impairment. The Americans with Disabilities Act prohibits discrimination against a "qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, Reed must establish that (1) she has a disability, as defined in the ADA; (2) she was qualified to perform the essential functions of the position, with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *McKay v. Toyota Motor Mfg., U.S.A. Inc.*, 110 F.3d 369, 371 (6th Cir. 1997).

Reed fails to make out a prima facie case under the ADA because once Dr. Jeffries deemed her unfit for duty, she was no longer "qualified to perform the essential functions" of her position as a patrol officer. *See* TENN. CODE ANN. § 38-8-106 (police officers must be free of all apparent mental disorders to be qualified for job). The district court therefore correctly dismissed Reed's claims under the Americans with Disabilities Act.

Retaliation

Lastly, Reed asserts that the department retaliated against her by referring her to counseling for speaking out against the offensive emails and conduct. Under Title VII, an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes constitutes a violation of Title VII. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). In the absence of direct evidence, retaliation claims are also governed by the *McDonnell Douglas* burden-shifting framework. *Weigel v. Baptist Hosp.*, 302 F.3d 367, 381 (6th Cir. 2002) (citing *McDonnell Douglas*, 411 U.S. at 802). In order to state a claim for retaliation under Title VII, a plaintiff must demonstrate that: (1) she engaged in protected activity; (2) the exercise of her protected rights was known to the defendant; (3) the defendant consequently took an employment action adverse to plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Fenton v. HiSAN, Inc.*, 174 F.3d 827, 831 (6th Cir. 1999). If the plaintiff successfully establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Burdine*, 450 U.S. at 254-56. The plaintiff may then seek to rebut the evidence by demonstrating that the articulated reason was a mere pretext for discrimination. *Id.*

Again, even if Reed could prove a prima facie case of retaliation, for the reasons set forth above she has not shown that the department's legitimate, nondiscriminatory reason for temporarily decommissioning her on Dr. Jeffries' recommendation was actually pretext for retaliation. Thus the district court also correctly dismissed this claim.

III

For the reasons set out above, the district court correctly dismissed Reed's claims for discrimination based on age, gender, and perceived disability, as well as her retaliation claim. Dr. Jeffries' independent evaluation of Reed's fitness for duty was sufficient justification for a temporary decommission, and Reed has not shown that this report was pretext. Phillips' remarks and emails were not sufficient to establish a hostile work environment. We AFFIRM the judgment of the district court.